(137 App. Div. 20.)

### HILL v. PALMER.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

CONTRACTS (§ 215*)—CONSTRUCTION—TERMINATION—ASSIGNMENT.

Defendant, who had agreements with H. and E., who owned coal docks, tugs, and other property, which they contributed to defendant's coal business, such property to be returned to H. and E. on termination of the agreements, agreed for a consideration to furnish plaintiff coal for a number of years, the agreement to terminate if defendant or his assigns should cease to continue the coal business. *Held* that, on the ending of the former contract and the taking over of the property by H. and E., there was no assignment, rendering defendant liable for the failure of H. to continue supplying plaintiff with coal.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 996–1010; Dec. Dig. § 215.*]

Appeal from Trial Term, Kings County.

Action by Simon S. Hill against Lowell M. Palmer. From an order setting a verdict for defendant and granting plaintiff's motion for new trial, defendant appeals. Reversed, and verdict restored.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Edward M. Shepard, for appellant.
Edward A. Alexander, for respondent.

PER CURIAM. The complaint charges breach of contract by the defendant, and, in another cause of action, fraudulent representations by defendant, inducing the plaintiff to make the same. The plaintiff, acquiescing in the ruling of the court, elected to stand on the breach. The court, in a charge that left the plaintiff without just criticism, submitted the question of the breach to the jury, and a verdict resulted for the defendant, which the court set aside upon the ground that it was against the weight of the evidence. The court submitted, in addition to the question of damages, the interpretation of the contract upon the theory that it was doubtful, and that evidence of "what was said by the parties at the time or before its execution about it may be re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sorted to, to help you to the true understanding of the parties." The plaintiff did not move for a direction of a verdict, nor object to the submission to the jury, while the defendant moved for nonsuit, and excepted to the submission to the jury, in any form, of the interpretation of the contract.

Looking at the evidence even most favorably to the plaintiff, the verdict should not have been set aside. Edward Hill, plaintiff's brother, was in the business of taking orders for the sale of coal, which he in turn filled by orders on the defendant, who was conducting in his own name, and apparently in his sole right, a coal pocket and coal business at the foot of North Ninth street, Brooklyn. On February 8, 1904, Hill was indebted to the defendant in the sum of $27,531.06, and inconsiderably to others, and had for the payment thereof his horses, trucks, etc., on which defendant had a mortgage, and some inconsiderable amount in bills receivable, all valued not beyond $5,000. Hill's brother Simon, the plaintiff, undertook to help him, and to that end, on the above date, entered into a contract with the defendant wherein he bound himself to pay the defendant's indebtedness, less $5,000 canceled, and "for a period of 10 years and 6 months from date" to purchase from the defendant all the coal used by him in his business, of named description, "at a price of 40 cents per gross ton above the cost, f. o. b. * * * according to the monthly circulars of the several coal companies," and plaintiff agreed to pay therefor. In consideration of such promises the defendant agreed to reduce the indebtedness to $22,531.06, extend payment of a part thereof, and "to furnish to the party of the first part all the coal used by him in his business as aforesaid, of the sizes and at the prices above named, provided, however, that he shall not be prevented from furnishing or delivering the same by strikes or other occurrences beyond his control. It is understood and agreed that if the party of the second part, or his assigns, shall cease to continue in the coal business at the foot of North Ninth street, in the borough of Brooklyn, New York City, during the term of this agreement, that this agreement shall thereupon terminate and come to an end." The first draft of the contract did not contain the words "or his assigns," and plaintiff claims with probable truth that they were inserted at his brother's suggestion. The contract was fulfilled by both parties to June 1, 1906, when the defendant retired from the business in question, and refused to recognize further obligation to furnish plaintiff coal.

The plaintiff contends that the defendant did have "assigns" of the business, that such "assigns" did not "cease to continue in the coal business" at the designated place, and that defendant was bound to fulfill, or to provide fulfillment of, his contract. For many years defendant had agreements with Havemeyer & Elder, who owned the docks, and other property which they contributed to the business, and the profits were apportioned. When this relation expired by limitation, although Palmer wished otherwise, Havemeyer & Elder refused renewal or continuance of such relation, or any relation. There is no evidence whatever that defendant continued the business, or that he was, directly or indirectly, interested therein, or that he assigned the

business or in any manner promoted it in the hands of another, or that Havemeyer & Elder, or any other person or company, carried it on under any agreement, understanding, or right had with or received from the defendant. All matters relating to the coal business were ended by Havemeyer & Elder taking the books, accounts, coal, "towboats and things like that," which accrued or were bought under their agreement with defendant, and paying defendant a sum of money for his share of the profits earned to June 1, 1906. "The personal property on hand was valued, in order to estimate the profits. That was all. And part of my share of the profits earned to the conclusion of the contract was paid me, not all of it. There is some of it in controversy. The payment that was made me was my share of the profits, and nothing else." The agreement that connected Havemeyer & Elder and Palmer in business was broader than the coal business at the foot of North Ninth street. The agreement of 1890 was to the effect that Havemeyer & Elder should provide "the real estate, floats, tugs, docks, and other appliances, and the money required," and for a return to them of the same, with interest as provided, upon the termination of the agreement. In June, 1891, this agreement was extended to June 1, 1906, and it was stipulated that Mrs. Palmer should provide for the use of the business certain property at Greenpoint, but that had no connection with the coal business. The fact is that Havemeyer & Elder had agreements with Palmer whereby, among other things, he was enabled to carry on the coal business at the foot of North Ninth street, which was terminated by the fixed time limit. Havemeyer & Elder would not continue, although Palmer desired it. The former took back their own, and the business was liquidated, subject to some differences.

There is no ground for the contention that an assignment of the business was made or is implied. The learned counsel for the appellant has made the best use of plaintiff's opportunity; but the contract speaks plainly, and the facts clearly favor the defendant.

The order should be reversed, with costs, and the verdict restored.